United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC LEE,<br><br>    Petitioner,<br><br>v.<br><br>RANDY GROUNDS, Acting Warden,<br><br>    Respondent. | No. C 13-01742 SBA (PR)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL** |

    Petitioner has filed a motion for appointment of counsel in this action.

    The Sixth Amendment right to counsel does not apply in habeas corpus actions. See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). Title 18 U.S.C. § 3006A(a)(2)(B), however, authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert, 791 F.2d at 728; Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984). The courts have made appointment of counsel the exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5) cases in which petitioner is in no position to investigate crucial

1  facts; and (6) factually complex cases.  See generally 1 J. Liebman & R. Hertz, Federal Habeas
2  Corpus Practice and Procedure § 12.3b at 383-86 (2d ed. 1994).  Appointment is mandatory only
3  when the circumstances of a particular case indicate that appointed counsel is necessary to prevent
4  due process violations.  See Chaney, 801 F.2d at 1196; Eskridge v. Rhay, 345 F.2d 778, 782 (9th
5  Cir. 1965).

6        At this early stage of the proceedings the Court is unable to determine whether the
7  appointment of counsel is mandated for Petitioner.  Accordingly, the interests of justice do not
8  require appointment of counsel at this time, and Petitioner's request is DENIED.  This denial is
9  without prejudice to the Court's sua sponte reconsideration should the Court find an evidentiary
10 hearing necessary following consideration of the merits of Petitioner's claims.

11       This Order terminates Docket no. 7.
12       IT IS SO ORDERED.

13 Dated:  8/1/13

14                 SAUNDRA BROWN ARMSTRONG
                UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ERIC LEE,

        Plaintiff,

  v.

SECRETARY OF CDCR et al,

        Defendant.

Case Number: CV13-01742 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 1, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Eric Lee T-42633
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960

Dated: August 1, 2013

        Richard W. Wieking, Clerk
        By: Lisa Clark, Deputy Clerk

G:\PRO-SE\SBA\HC.13\Lee1742.DenyAtty.wpd     3