United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC LEE, | No. C 13-1742 SBA (PR) |
| Petitioner, | **ORDER GRANTING PETITIONER'S MOTION TO AMEND PETITION TO DELETE INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM; GRANTING RESPONDENT'S MOTION TO DISMISS; AND REQUIRING ELECTION BY PETITIONER** |
| v. | |
| RANDY GROUNDS, Warden, | |
| Respondent. | |
| _____/ | (Dkt. 8) |

## INTRODUCTION

Petitioner Eric Lee, a state prisoner incarcerated at Salinas Valley State Prison, filed the instant pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties are presently before the Court on Respondent's motion to dismiss the petition for failure to exhaust state remedies. Dkt. 8. Having read and considered the papers submitted in connection with this matter, and being fully informed, the Court GRANTS Respondent's motion. However, before dismissing the petition, the Court directs Petitioner to make an election as to how to proceed with respect to his unexhausted claim.

## BACKGROUND

In 2011, an Alameda Costa County Superior Court jury convicted Petitioner of carjacking and firearm possession by a felon. Dkt. 1 at 2-3. In a bifurcated court proceeding, Petitioner admitted that he had suffered five prior convictions, consisting of a prior serious felony and "strike" conviction for assault with a firearm as well as four prior convictions for which he served prison terms. Id. at 12.

On July 15, 2011, the trial court sentenced Petitioner to an aggregate term of nineteen years in state prison, based on ten years on the carjacking conviction (the middle term of five years, doubled for the prior strike conviction), and a concurrent term of sixteen months on the firearm possession by a felon conviction (one-third the middle term of two years, doubled

1  for the prior strike conviction).[1]  Id.  The court also imposed additional consecutive terms of
2  five years for the prior serious felony conviction enhancement, and one year each for the four
3  prior prison term enhancements.  Id. at 13.

4  On direct appeal, the state appellate court modified the judgment to vacate the
5  sentence on count two (firearm possession by a felon) and modified Petitioner's sentence to
6  reflect the imposition of a concurrent term of four years (the full middle term of two years,
7  doubled for the prior strike conviction).  Id. at 21-22.  The state appellate court then affirmed
8  the judgment as modified on December 5, 2012.  Id. at 22.  The state supreme court denied a
9  petition for review on February 13, 2013.  Dkt. 8-3 at 2.  Petitioner did not seek collateral
10 review in the state courts.

11 On April 17, 2013, Petitioner filed the instant federal petition, alleging that: (1) the
12 trial court should have stayed or struck the concurrent sentence on count two (firearm
13 possession by a felon), as it was a lesser included offense of count one (carjacking)[2] (Claim
14 One); (2) the trial court erred in imposing a five-year enhancement for his prior serious
15 felony conviction (assault with a firearm) when the conditions for imposing such an
16 enhancement were not met because the prosecutor failed to plead and prove this
17 enhancement in the formal filings and in open court (Claim Two); and (3) his trial counsel
18 was ineffective for failing to object to the imposition of the five-year enhancement (Claim
19 Three).  Dkt. 1 at 9.

20 In the motion to dismiss, Respondent does not dispute that Claim Two has been
21 exhausted.  However, Respondent argues that Claims One and Three are unexhausted
22 because they were not properly presented to the California Supreme Court.  Dkt. 8 at 3.
23 Petitioner concedes that Claim Three is not exhausted and requests that the Court "waive[]"

---

[1] It is not disputed that the doubling of Petitioner's sentences was authorized by California's Three Strikes law.  See Cal. Pen. Code § 667(e)(1).

[2] In this claim, the parties refer to count one as a "robbery," but the record specifically shows that Petitioner was convicted of carjacking under California Penal Code § 215(a).

2

that claim.[3]  See Dkt. 10 at 2.  However, he argues that Claim One is fully exhausted.

# DISCUSSION

## I. LEGAL STANDARD

An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court.  See 28 U.S.C. § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987).  The petitioner has the burden of pleading exhaustion in his or her habeas petition.  See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

If a federal habeas petition contains both exhausted and unexhausted claims, the petition is referred to as a "mixed" petition.  Where a petition is "mixed," the entire petition must be dismissed without reaching the merits of any of its claims.  Rose v. Lundy, 455 U.S. 509, 522 (1982).  However, the district court may instruct the petitioner to choose between two alternatives -- he can (1) dismiss his unexhausted claims and proceed in federal court only with his exhausted claims, or (2) request the district court to dismiss the entire petition without prejudice and exhaust his unexhausted claims in state court before returning to federal court.  Brambles v. Duncan, 412 F.3d 1066, 1069-71 (9th Cir. 2005).

Additionally, district courts have the authority to issue stays, as the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") does not deprive courts of that authority. Rhines v. Webber, 544 U.S. 269, 277-78 (2005).  The district court's discretion to stay a mixed petition is limited by AEDPA's stated purposes of reducing delay in the execution of criminal sentences and encouraging petitioners to seek relief in the state courts before filing their claims in federal court.  Id.  Because the use of a stay and abeyance procedure has the

---

[3] The Court liberally construes Petitioner's request as one to amend the petition to dismiss Claim Three and GRANTS said request.

3

1  potential to undermine these dual purposes of AEDPA, its use is only appropriate where the
2  district court has first determined that there was good cause for the petitioner's failure to
3  exhaust the claims in state court and that the claims are potentially meritorious.  Id.

4  Moreover, when granting a stay, the district court must effectuate the timeliness
5  concerns in AEDPA by placing "reasonable limits on a petitioner's trip to state court and
6  back."  Id. at 278.  Prisoners who may run the risk of having the federal statute of limitations
7  expire while they are exhausting their state remedies may avoid this predicament "by filing a
8  'protective' petition in federal court and asking the federal court to stay and abey the federal
9  habeas proceedings until state remedies are exhausted."  Pace v. DiGuglielmo, 544 U.S. 408,
10 416 (2005) (citing Rhines, 544 U.S. at 277-78).  Therefore, a petitioner can ask the district
11 court to stay an unexhausted petition while he exhausts his unexhausted claims in state court.
12 A petitioner need not delete his unexhausted claims before asking the district court to issue a
13 stay.  Jackson v. Roe, 425 F.3d 654, 659-61 (9th Cir. 2005).

14 As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting
15 the federal claim to the appropriate state courts in the manner required by the state courts,
16 thereby affording the state courts a meaningful opportunity to consider allegations of legal
17 error.  Casey v. Moore, 386 F.3d 896, 915-16 (9th Cir. 2004), cert. denied, 545 U.S. 1146
18 (2005).  A claim is "fairly presented" only if the petitioner either referenced specific
19 provisions of the federal constitution or federal statutes, or cited to federal or state case law
20 analyzing the federal issue.  Peterson v. Lampert, 319 F.3d 1153, 1158 (9th Cir. 2003) (en
21 banc).  The specific factual basis of the federal claim also must be presented to the highest
22 state court.  Kelly v. Small, 315 F.3d 1063, 1067-69 (9th Cir. 2003), overruled on other
23 grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007).

24 Ordinarily a state prisoner does not fairly present a claim to a state court if that court
25 must read beyond a petition or a brief (or a similar document) that does not alert it to the
26 presence of a federal claim.  Baldwin v. Reese, 541 U.S. 27, 30-34 (2004).  In essence, a state
27 prisoner must present his federal constitutional issue within the "four corners of his appellate
28 briefing."  Id.

4

## II.     ANALYSIS

The only petition Petitioner filed in the California Supreme Court was his petition for review. Dkt. 8-2. In comparing Petitioner's California Supreme Court petition with the instant petition filed in this action, compare Dkt. 8-2 at 2 with Dkt. 1 at 9, the Court concurs with Respondent that *only* Claim Two has been exhausted. Petitioner has not exhausted his state court remedies as to Claims One and Three.

As to Claim One (challenge to the concurrent sentence on count two), Petitioner disputes Respondent's contention that such claim was "not properly presented" to the California Supreme Court. Dkt. 10 at 2. Petitioner claims that Claims One and Two have "issues that are one and the same [but] just worded differently." Id. As noted, there is no dispute between the parties that Petitioner properly exhausted Claim Two. See Dkt. 8-2 at 7. And, as mentioned above, there is no disagreement that Claim Three is unexhausted. See Dkt. 10 at 2. Therefore, the Court will only address Claim One. Nowhere in his state court petition for review, however, does Petitioner make any reference to the issues of Claim One. The Court is not persuaded by Petitioner's argument that Claims One and Two have "issues that are one and the same." Claim One relates to an alleged error by the trial court for failing to stay or strike the *concurrent sentence* on count two (firearm possession by a felon). In contrast, Claim Two relates to the trial court's alleged error for imposing *a five-year consecutive sentence* resulting from the enhancement for his prior serious felony conviction. The two claims are entirely different. Therefore, the Court finds that Claim One is not exhausted.

Respondent argues that while Claim Two is exhausted, dismissal of the petition is still appropriate because Claim One is unexhausted. The Court construes Respondent's argument as a request to dismiss the petition as a mixed petition. Under Rose, the Court cannot adjudicate the merits of a habeas petition containing any claim as to which state remedies have not been exhausted, such as a mixed petition. See 455 U.S. at 522; cf. 28 U.S.C. § 2254(b)(2) (petition may be denied (but not granted) notwithstanding failure to exhaust). The Court therefore agrees that the petition is subject to dismissal as a mixed petition. See

5

Rhines, 544 U.S. at 273.

The above notwithstanding, the Court is reticent to dismiss the petition outright. AEDPA imposes a one-year statute of limitations on the filing of federal habeas petitions. As such, a later-filed petition could be subject to dismissal as time-barred. Instead, the Court will afford Petitioner an opportunity to elect whether to proceed with his exhausted claim (Claim Two), or to attempt to exhaust his unexhausted claim in state court before having this Court consider all his claims. Accordingly, before entering a judgment of dismissal, the Court will allow Petitioner to choose whether he desires to:

(1) Dismiss the unexhausted claim and go forward in this action with only the exhausted claim; or

(2) Terminate this action and return to state court to exhaust his unexhausted claim before filing a new federal habeas action containing a petition with only exhausted claims; or

(3) Request a stay of the proceedings while he completes the exhaustion of his unexhausted claim in the California Supreme Court. If Petitioner chooses this option, he will be required to show that there was good cause for his failure to exhaust that claim in state court and that it is a potentially meritorious claim.

Petitioner is cautioned that each of the choices has risks which he should take into account before making his election. If he chooses option (1) and proceeds with only his exhausted claim, any subsequent federal habeas petition he might file would be subject to dismissal as a second or successive petition. See 28 U.S.C. § 2244(b). If he chooses option (2), terminating this action and waiting until all his claims are exhausted before filing a new federal petition, his new federal petition could be dismissed as untimely. See 28 U.S.C. §2244(d). If he chooses option (3), he must file a motion in this Court to obtain a stay and if the motion is granted then he must act diligently to obtain a decision from the California Supreme Court on his unexhausted claim, and to return to this Court. As mentioned above, in Rhines, the United States Supreme Court discussed the stay-and-abeyance procedure for mixed habeas petitions and cautioned district courts against being too liberal in allowing a stay. The Court reasoned that a stay works against several of the purposes of the AEDPA in that it "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay

the resolution of the federal proceeding" and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." 544 U.S. at 277. Any stay must be limited in time to avoid indefinite delay. Id. A reasonable time limit generally is thirty days for returning to state court, and twenty-eight days to return to federal court after the final rejection of the claims by the state court. See id. at 278; Kelly, 315 F.3d at 1071. Therefore, if Petitioner chooses option (3) and if the Court grants the stay, then he must act diligently to pursue his unexhausted claim in the California Supreme Court and to notify this Court within twenty-eight days of the California Supreme Court's final decision. See id. A failure by Petitioner to act with diligence after obtaining a stay could result in the Court's dismissal of this petition.

## **CONCLUSION**

Accordingly, Petitioner must notify the Court of his choice within **twenty-eight (28) days** from the date of this Order, as set forth below.[4] His failure to do so will result in the dismissal of this petition without prejudice for failure to exhaust state judicial remedies.

For the reasons stated above,

1. Petitioner's request to strike the unexhausted ineffective assistance of counsel claim (Claim Three) from the Petition is GRANTED.

2. Petitioner's request for an evidentiary hearing is DENIED.

3. Respondent's motion to dismiss petition as unexhausted (Dkt. 8) is GRANTED.

4. The Court finds that the instant petition is a mixed petition and directs Petitioner to make an election as to how to proceed with his unexhausted claim (Claim One).

---

[4] In his opposition, Petitioner also requests an evidentiary hearing because he claims that there is "new case law" that is pending before the Ninth Circuit Court of Appeals that may "increas[e] his sentencing credit . . . " and "render this Petition 'Moot' . . . ." Dkt. 10 at 1-2. Therefore, he asks this Court to "evaluate the affects [sic] of the new case law and make a determination on that instead." Id. at 2. The Court DENIES such a request because Petitioner has not alleged the basis of his entitlement to an evidentiary hearing under 28 U.S.C. § 2254(e)(2).

1  Within **twenty-eight (28) days** of the date of this Order, Petitioner must serve on Respondent
2  and file with the Court a statement of his intent either: (1) to dismiss the unexhausted claim
3  and go forward in this action with only the exhausted claim; (2) to terminate this action and
4  return to state court to complete the exhaustion of Claim One before returning to federal
5  court to present all of his claims in a new petition; or (3) to request a stay of these
6  proceedings while he exhausts his state judicial remedies.  If Petitioner chooses option (3), he
7  must explain why he failed to exhaust his unexhausted claim previously in state court and
8  why the claim is potentially meritorious.

**If Petitioner fails to comply with this Order before the twenty-eight-day deadline, this action will be dismissed without prejudice to filing a new federal habeas action containing a petition with only exhausted claims.**

5.  This Order terminates Docket No. 8.

IT IS SO ORDERED.

DATED:  3/31/14

_Saundra B. Armstrong_
SAUNDRA BROWN ARMSTRONG
United States District Judge