IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ERIC LEE,

    Petitioner,

v.

RANDY GROUNDS, Warden,

    Respondent.
_____/

No. C 13-1742 SBA (PR)

**ORDER GRANTING PETITIONER'S MOTION TO AMEND PETITION TO DELETE CLAIM ONE; AND DIRECTING RESPONDENT TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE GRANTED AS TO CLAIM TWO**

    Petitioner Eric Lee, a state prisoner incarcerated at Salinas Valley State Prison, filed the instant pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner seeks to challenging his 2011 conviction for carjacking and firearm possession by a felon, for which he was sentenced to an aggregate term of nineteen years in state prison. The sentence was based on ten years on the carjacking conviction (the middle term of five years, doubled for the prior strike conviction) and a concurrent term of sixteen months on the firearm possession by a felon conviction (one-third the middle term of two years, doubled for the prior strike conviction).[1] The trial court also imposed additional consecutive terms of five years for Petitioner's prior serious felony conviction enhancement, and one year each for his four prior prison term enhancements.

    Petitioner raised the following three claims: (1) the trial court should have stayed or struck the concurrent sentence on count two (firearm possession by a felon), as it was a lesser included offense of count one (carjacking) (Claim One); (2) the trial court erred in imposing a five-year enhancement for his prior serious felony conviction (assault with a firearm) on the grounds that the conditions for imposing such an enhancement were not satisfied because the prosecutor failed to plead and prove this enhancement in the formal filings and in open court (Claim Two); and (3) his trial counsel was ineffective for failing to object to the

---

[1] It is not disputed that the doubling of Petitioner's sentences was authorized by California's Three Strikes law. See Cal. Pen. Code § 667(e)(1).

imposition of the five-year enhancement (Claim Three).  Dkt. 1 at 9.

On May 30, 2013, the Court ordered Respondent to show cause why the petition should not be granted.

On July 29, 2013, Respondent filed a motion to dismiss the petition for failure to exhaust state remedies.  Dkt. 8.  Respondent argued that Claims One and Three are unexhausted because they were not properly presented to the California Supreme Court.  Dkt. 8 at 3.  Petitioner conceded that Claim Three is not exhausted and requested that the Court "waive[]" that claim.  See Dkt. 10 at 2.

On March 31, 2014, the Court liberally construed Petitioner's request as one to amend the petition to dismiss Claim Three, and granted his request.  The Court also granted Respondent's motion to dismiss upon finding that the present petition was a mixed petition with one exhausted claim (Claim Two) and one unexhausted claim (Claim One).  However, before dismissing the petition, the Court directed Petitioner to make an election as to how to proceed with respect to his unexhausted claim.  The Court required Petitioner to file a notice in which he stated whether he elected to: (1) dismiss the unexhausted claim and proceed with only the exhausted claim; (2) terminate this action and return to state court to exhaust his unexhausted claim before filing a new federal habeas action containing a petition with only exhausted claims; or (3) request a stay of the proceedings while he completes the exhaustion of his unexhausted claim in the California Supreme Court.

On April 24, 2014, Petitioner filed a notice in which he elected to "waive the review" of his unexhausted claim (Claim One) and proceed with only the one exhausted claim (Claim Two).  The Court liberally construes Petitioner's request as one to amend the petition to dismiss Claim One, and GRANTS said request.

In light of the dismissal of the two unexhausted claims (Claims One and Three), the petition appears to contain only one exhausted claim (Claim Two), which should be addressed on its merits.  The Court now sets a new schedule for the parties to file their briefs pursuant to the prior Order To Show Cause.

# CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Petitioner's request to amend the petition to dismiss Claim One from the petition is GRANTED based on his voluntary dismissal of that claim, as set forth in his April 24, 2014 notice.

2. Petitioner has elected to proceed with his only exhausted claim: Claim Two.

3. Respondent shall file with this Court and serve upon Petitioner, within **sixty (60) days** of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued as to Claim Two. Respondent shall file with the Answer a copy of all portions of the relevant state records that have been transcribed previously and that are relevant to a determination of the issues presented by Claim Two.

4. If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within **sixty (60) days** of his receipt of the Answer. Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision **sixty (60) days** after the date Petitioner is served with Respondent's Answer.

5. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court and Respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Petitioner must also serve on Respondent's counsel all communications with the Court by mailing a true copy of the document to Respondent's counsel.

6. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

IT IS SO ORDERED.

DATED: June 23, 2014

_SAUNDRA BROWN ARMSTRONG_
United States District Judge