UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ERIC LEE,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>WILLIAM MUNIZ, Warden,[1]<br><br>　　　　Respondent. | Case No: C 13-01742 SBA (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner Eric Lee ("Petitioner") brings the instant pro se habeas action under 28 U.S.C. § 2254 to challenge his 2011 conviction and sentence for carjacking and possession of a firearm by a felon. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the Petition for the reasons set forth below.

I. **BACKGROUND**

　A. **STATEMENT OF FACTS**

The following facts are taken from the opinion of the California Court of Appeal ("Court of Appeal" or "state appellate court"):

> On March 18, 2010, Timothy Jones drove his car to an auto shop in Oakland. Jones's brother was a passenger in the car. After about two hours at the shop, defendant and three other men approached from the rear of Jones's car. Defendant and one man were on the driver side and two other men were on the passenger side. As Jones looked at the two men on his side of the car, he saw one man pull a gun from his waistband and defendant extend his arm, also holding a gun. Jones did not know where defendant had hidden his gun before seeing the gun in defendant's hand. However, Jones's brother saw that both men on the driver's side of the car had gone under their shirts and pulled out weapons from their pants waistbands. The

---

[1] William Muniz, the current warden of the prison where Petitioner is incarcerated, has been substituted as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

> two men on the passenger side of the car also had drawn guns.
>
> Jones had the driver's side window down. Defendant and the man near him pointed their semiautomatic firearms at Jones. One of the men, possibly defendant, directed Jones to get out of the car, but he refused to do so. The other man then put his gun inside the car and placed it on Jones's stomach and repeated the demand that Jones get out of the car. Jones and his brother then got out of the car. Jones left his keys in the ignition. Defendant handed his gun to one of his accomplices, hopped into the car, and drove off. The other three gunmen ran away. Jones and his brother reported the carjacking to the police, who ultimately recovered the stolen car and apprehended defendant.

People v. Lee, 2012 WL 6040118, *1-2 (Cal Ct. App. Dec. 5, 2012) (footnotes omitted).

### B. CASE HISTORY

In 2011, an Alameda Costa County Superior Court jury convicted Petitioner of carjacking and firearm possession by a felon. *Id.* at *2. In a bifurcated court proceeding, Petitioner admitted that he had suffered five prior convictions, consisting of a prior serious felony and "strike" conviction for assault with a firearm as well as four prior convictions for which he served prison terms. *Id.*

On July 15, 2011, the trial court sentenced Petitioner to an aggregate term of nineteen years in state prison, based on ten years on the carjacking conviction (the middle term of five years, doubled for the prior strike conviction), and a concurrent term of sixteen months on the firearm possession by a felon conviction (one-third the middle term of two years, doubled for the prior strike conviction). *Id.* The court also imposed additional consecutive terms of five years for the prior serious felony conviction enhancement, and one year each for the four prior prison term enhancements. *Id.*

On direct appeal, the state appellate court modified the judgment to vacate the sentence on count two (firearm possession by a felon) and modified Petitioner's sentence to reflect the imposition of a concurrent term of four years (the full middle term of two years, doubled for the prior strike conviction). *Id.* at *6. The state appellate court then affirmed the judgment as modified on December 5, 2012. *Id.* The state supreme court denied a petition for review on February 13, 2013. Dkt. 8-3 at 2. Petitioner did not seek collateral review in the state courts.

**1**     On April 17, 2013, Petitioner filed the instant Petition, alleging that: (1) the trial
**2** court should have stayed or struck the concurrent sentence on count two (firearm
**3** possession by a felon) on the ground that it was a lesser included offense of count one
**4** (carjacking) (Claim One); (2) the trial court erred in imposing a five-year enhancement for
**5** his prior serious felony conviction (assault with a firearm) when the conditions for
**6** imposing such an enhancement were not met because the prosecutor failed to plead and
**7** prove this enhancement in the formal filings and in open court (Claim Two); and (3) his
**8** trial counsel was ineffective for failing to object to the imposition of the five-year
**9** enhancement (Claim Three).  Dkt. 1 at 9.[2]

**10**    The Court issued an Order to Show Cause why the writ should not be granted.  Dkt.
**11** 5.  In response, Respondent filed a motion to dismiss.  In the motion, Respondent did not
**12** dispute that Claim Two has been exhausted.  However, Respondent argued that Claims One
**13** and Three were unexhausted because they were not properly presented to the California
**14** Supreme Court.  Dkt. 8 at 3.  Petitioner conceded that Claim Three was not exhausted and
**15** requested that the Court "waive[]" that claim.  Dkt. 10 at 2.  However, he argued that Claim
**16** One was fully exhausted.  Id.

**17**    On March 31, 2014, the Court liberally construed Petitioner's aforementioned
**18** request to waive Claim Three as one to amend the Petition to dismiss Claim Three, and
**19** granted his request.  Dkt. 11 at 3 n.3.  The Court also granted Respondent's motion to
**20** dismiss upon finding that the present Petition was a mixed petition with one exhausted
**21** claim (Claim Two) and one unexhausted claim (Claim One).  Id. at 5-7.  However, before
**22** actually dismissing the Petition, the Court directed Petitioner to make an election as to how
**23** to proceed with respect to his unexhausted claim.  Id. at 7.  Petitioner was instructed to file
**24** a notice in which he stated whether he elected to:  (1) dismiss the unexhausted claim and
**25** proceed with only the exhausted claim; (2) terminate this action and return to state court to
**26** exhaust his unexhausted claim before filing a new federal habeas action containing a

**27**
**28**     [2] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Petitioner.

3

petition with only exhausted claims; or (3) request a stay of the proceedings while he completes the exhaustion of his unexhausted claim in the California Supreme Court. Id.

On April 24, 2014, Petitioner filed a notice in which he elected to "waive the review" of his unexhausted claim (Claim One) and proceed with only the one exhausted claim (Claim Two). Dkt. 12 at 1-2. The Court liberally construed Petitioner's request as one to amend the Petition to dismiss Claim One, and granted his request. Dkt. 13 at 2. The Court then set a new schedule for the parties to file their briefs. Id. at 2-3. Respondent has answered the Petition. Dkt. 14. Petitioner did not file a Traverse. The matter is fully briefed and ripe for adjudication.

## II.    LEGAL STANDARD

The instant Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. Under AEDPA, a federal court cannot grant habeas relief with respect to any claim adjudicated on the merits in a state-court proceeding unless the proceeding "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

A state court decision is "contrary to" clearly established federal law "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [its] precedent." Lockyer v. Andrade, 538 U.S. 63, 73 (2003) (internal quotation marks omitted). Relief under the "unreasonable application" clause is appropriate "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Habeas petitioners bear the burden of showing that a state court's decision applied some Supreme Court precedent in an objectively unreasonable manner. Woodford v. Visciotti, 537 U.S. 19, 25 (2002) (per curiam).

On federal habeas review, AEDPA "imposes a highly deferential standard for evaluating state-court rulings" and "demands that state-court decisions be given the benefit of the doubt." Renico v. Lett, 559 U.S. 766, 773 (2010) (internal quotation marks omitted). In applying the above standards on habeas review, this Court reviews the "last reasoned decision" by the state court. See Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). The last reasoned decision in this case is the Court of Appeal's unpublished disposition issued on December 5, 2012.

## III.    DISCUSSION

Petitioner claims that the five-year enhancement (for the prior serious felony conviction) imposed by the trial court pursuant to California Penal Code § 667(a)(1)[3] must be stricken from his sentence. Dkt. 1 at 6. Petitioner specifically contends that he was denied his Sixth and Fourteenth Amendment rights to notice and due process because the prior serious felony conviction enhancement was not pled in the information nor otherwise proven. Id.

In considering Petitioner's claim, the state appellate court determined that the information contained sufficient allegations that he would be subject to an enhanced punishment for his prior serious felony if convicted of the serious felony of carjacking. The court explained as follows:

> The information alleged that he was being charged with a serious felony (carjacking) and he had been previously convicted of assault with a firearm in violation of section 245, subd. (a)(2). Under the heading, "CAL PRIOR-SERIOUS FELONY" and "2 STRIKES (ONE PRIOR)," the information further alleged that the prior assault conviction would subject defendant to sentencing pursuant to section "667(e)(1)." Concededly, the reference to "section "667(e)(1)" "is a less than precise directive to apply section 667, subdivision (a) enhancements." (People v. Cartwright (1995) 39 Cal. App. 4th 1123, 1138.) Nevertheless, the information gave defendant notice that he would be subject to an enhanced sentence if (1) he was convicted of a serious felony and (2) it was determined he had been convicted of a previous serious felony.

---

[3] California Penal Code § 667(a)(1) mandates imposition of a five-year enhancement for conviction of a serious felony by one who previously has been convicted of a serious felony. Cal. Penal Code § 667(a)(1).

Lee, 2012 WL 6040118, *3.

As mentioned above, Petitioner admitted the prior conviction allegations. Resp't Ex. 2, Dkt. 18-7, Reporter's Transcript ("RT") 604. In particular, Petitioner admitted that he had five prior felony convictions for which he had served five prison terms, and one prior felony conviction for which he was placed on probation. RT 604-609. At the sentencing hearing, Petitioner's sentence was increased by five years pursuant to California Penal Code § 667(a)(1). RT 625. As noted by the state appellate court, although the information did not allege (and Petitioner did not admit to) a prior serious felony conviction pursuant to subdivision (a)(1), the information specifically alleged that Petitioner suffered a prior strike conviction for assault with a deadly weapon pursuant to California Penal Code §§ 1170.12 (c)(1) and 667(e)(1). The state appellate court thus determined that Petitioner had actual notice that his sentence would be enhanced, and that the trial court did not err in imposing the five-year enhancement:

> "[W]here the information puts the defendant on notice that a sentence enhancement will be sought, and further notifies him of the facts supporting the alleged enhancement, modification of the judgment for a misstatement of the underlying enhancement statute is required only where the defendant has been misled to his prejudice." (People v. Neal (1984) 159 Cal. App. 3d 69, 73-74.) In this case defendant makes no claim that he was surprised when the court indicated it would impose the five-year enhancement pursuant to section 667, subdivision (a)(1), or that "preparation of his defense to meet the facts would have been different" if the information had specifically mentioned section 667, subdivision (a)(1). (Id. at p. 72.) We therefore conclude the trial court in this case did not err in imposing the five-year enhancement pursuant to section 667, subdivision (a)(1).

Lee, 2012 WL 6040118, *4.

Upon review of the Court of Appeal's decision and the argument presented in this action, the Court finds that federal habeas relief is not warranted in this action. First, Petitioner's claim that the enhancement was not pled in accordance with California Penal Code § 1170.1 is a state law claim, and is therefore not remediable on federal habeas review, even if state law were erroneously interpreted or applied. See Swarthout v. Cooke, 562 U.S. 216, 222 (2011).

Second, Petitioner's claim that his federal due process rights were violated is without merit.  Under federal law, it is clearly established that a criminal defendant has a Sixth Amendment right to be informed of any charges against him by way of a charging document.  See Gautt v. Lewis, 489 F.3d 993, 1004 (9th Cir. 2007) (citing Cole v. Arkansas, 333 U.S. 196, 201 (1948)).  However, recidivism and prior convictions that increase the maximum penalty need not be charged in order to comport with the constitutional right to fair notice because they are not considered an element of the offense charged.  See Almendarez-Torres v. United States, 523 U.S. 224, 243-44 (1998); United States v. Pacheco-Zepeda, 234 F.3d 411, 414-15 (9th Cir. 2001), cert. denied, 532 U.S. 966 (2001) (holding that Almendarez-Torres remains good law after Apprendi[4] and provides that prior convictions, whether or not admitted by the defendant on the record, are sentencing factors rather than elements of the crime).  Furthermore, Petitioner admitted to having the prior convictions, thereby waiving any constitutional claims he had regarding procedural defects.  Accordingly, habeas relief on Claim Two is DENIED.

## IV.    CERTIFICATE OF APPEALABILITY

No certificate of appealability is warranted in this case.  For the reasons set out above, jurists of reason would not find this Court's denial of Petitioner's claim debatable or wrong.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Petitioner may not appeal the denial of a Certificate of Appealability in this Court but may seek a certificate from the Ninth Circuit under Rule 22 of the Federal Rules of Appellate Procedure.  See Rule 11(a) of the Rules Governing Section 2254 Cases.

## V.    CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1.    The Petition is DENIED, and a certificate of appealability will not issue.  Petitioner may seek a certificate of appealability from the Ninth Circuit Court of Appeals.

---

[4] Apprendi v. New Jersey, 530 U.S. 466 (2000).

7

2. The Clerk shall enter judgment, close the file, and terminate any pending matters.

IT IS SO ORDERED.

Dated:  12/3/15

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
Senior United States District Judge

P:\PRO-SE\SBA\HC.13\Lee1742.denyHC.docx